UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERSAN JOSUE CABRERA ALVAREZ, and MIURELD ONEYDA ALEMAN, as next friend, | § § § § |
| Petitioner, | § § |
| vs. | § CIVIL ACTION NO. 4:26-cv-557 |
| WARDEN RAYMOND THOMPSON, *et al.*, | § § § § |
| Respondents | § |

## NOTICE OF DEFICIENCY AND ORDER

Petitioner Gersan Josue Cabrera Alvarez (A#206-632-143) is presently in custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center in Conroe, Texas. His spouse, Miureld Oneyda Aleman, purporting to act as next friend, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Therein, she alleges that Petitioner is being detained unlawfully and requests his immediate release. As a threshold matter, the Court must consider whether it has jurisdiction to hear this case because it is not clear that Aleman satisfies the requirements to represent Petitioner.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by

someone acting in his behalf." 28 U.S.C. § 2242. This provision codified the "next friend" doctrine that allowed individuals to file habeas petitions on behalf of someone else in certain circumstances. *Whitmore v. Arkansas*, 495 U.S. 149, 162-63 (1990). But those circumstances are limited, and "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To qualify for "next friend" status, the filer first "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* The explanation must be supported by relevant proof and not merely speculative. *See, e.g., Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012) (affirming dismissal for lack of jurisdiction where would-be next friend's explanation of mental incompetence was not supported by a medical professional's opinion). Second, the filer must establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and that he has some "some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

The petition before the Court has not satisfied that burden. In the petition, Aleman asserts that she serves as next friend because Petitioner "is detained and lacks meaningful access to the courts." Dkt. 1 at 13. However, absent additional

information and supporting documentation, she does not adequately explain why Petitioner cannot prosecute this action himself. The question of the Court's jurisdiction to hear this petition, therefore, requires further development.

Accordingly, the Court **ORDERS** as follows:

1. If Aleman seeks to pursue this action on Petitioner's behalf, she must file a motion to proceed as next friend for Petitioner within **thirty (30) days** of the date of this order that shows she meets the next-friend criteria set forth above.

2. Alternatively, Petitioner may prosecute this action on his own by filing an amended petition under his own signature within **thirty (30) days** of the date of this order. If Petitioner does not wish to pursue this action, he may dismiss it by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a).

<u>Failure to comply fully as directed within the time allowed may result in the dismissal of this proceeding under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.</u>

**The Clerk of Court shall send both Petitioner Gersan Josue Cabrera Alvarez and Miureld Oneyda Aleman a copy of this order.**

SIGNED at Houston, Texas on ___FEB 1 1 2026___.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE